In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 21-2874, 21-3056 & 21-3382

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DERRICK GRANGER, CLIFFORD R. KING JR., and ERIC WALKER,

*Defendants-Appellants.*

———————————

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cr-00097-JRS-DLP — **James R. Sweeney II**, *Judge.*

———————————

ARGUED FEBRUARY 15, 2023 — DECIDED JUNE 9, 2023

———————————

Before EASTERBROOK, WOOD, and LEE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A jury convicted Derrick Granger, Clifford King, and Eric Walker of conspiring to distribute heroin and methamphetamine in and around Indianapolis, Indiana. The jury also convicted them of some firearms offenses. The judge sentenced Granger and King to 360 months' imprisonment and Walker to 330 months. They present seven issues on appeal. Five of these do not require

discussion, beyond saying that we agree with how the district judge handled them. We address the other two in this opinion.

Defendants' principal argument is that the court should have struck Juror 70 for cause. He was subject to *voir dire* examination after all three defendants had exhausted their peremptory challenges. The judge asked a group of potential jurors whether any of them thought that a law enforcement officer's testimony should receive extra weight. Juror 70 raised his hand. The judge asked what "greater weight" meant to him, and he replied:

> Well, being a retired police officer with 30 years of service, the vast majority of police officers in my experience take their oath very, very seriously; and I can't think of too many times or any times actually in my entire career where I have seen or heard of evidence being presented by a police officer that wasn't the straight-up truth.

> So yes, police officers lie. We've all seen coverage of those kind of things; but in the day-to-day actions, the vast majority of them take their, as I said, oath very, very seriously; and I'm inclined to give them the benefit of the doubt if they say something.

Juror 70 added that he evaluated honesty on the "totality of the circumstances and the evidence", and if that evidence contradicted a person's statements then "that person is not being honest." He allowed that factual mistakes "happen[] to everybody, including police officers, especially in quick-time-frame type of situations". Indeed, Juror 70 said that he had "done it myself." This followed:

> THE COURT: … [S]o the question is, can you listen to the testimony here, judge each witness by their testimony, how they present themselves, how it aligns with the other evidence, so on and so forth?

JUROR 70: Yes, because I think the truth is the most important thing here.

THE COURT: So you can do that with an open mind?

JUROR 70: Yes, sir.

Defendants asked the judge to strike Juror 70 for cause. Before ruling, the judge asked some additional questions:

THE COURT: I think you said to me that you can afford these defendants their presumption of innocence; is that right?

JUROR 70: Yes, sir.

THE COURT: And you can judge each witness by their testimony?

JUROR 70: I have had a lot of experience with witnesses and informants and their credibility ranges. So you just have to just take it as face value and make the best decision you can as to their credibility.

THE COURT: What does that mean?

JUROR 70: You have the full spectrum of people being straight up honest, and you have some that couldn't tell the truth if you were dangling them over the edge of a cliff. So you have to just judge what they're saying and whether it meets the logic test and if it backs up what other people are saying and what evidence says.

Basically, what I'm saying is there's no presumption with any of them. You've got to approach each one with a completely open mind because you'll get a full range there.

Defense counsel asked Juror 70 whether he would give greater weight to testimony by police officers. This ensued:

JUROR 70: I would like to believe I'm fair and take everything at face value; but I mean, it's what I've done for over 30 years, and I'm still involved in an ancillary role as a rider. So I would say that police officers—I look at them as coming in vetted already. The guys and gals that aren't doing a good job generally get taken care of pretty quickly.

> And again, I go back to it's an oath and it's a calling. So I have to look at it from that regard, whereas other people testifying, they're a witness or a victim or whatever. So they have maybe a little different motivation.

> So again, the overarching thing here is I want to be fair and honest; but being completely and utterly honest, it's hard to disassociate myself from what I did for a long, long time.

Defense counsel asked one more question:

> [QUESTION]: So I mean, you know, you can't put your experience and training aside. We all get that. So is it fair to say you would probably be more inclined to believe a police officer than you would be a civilian witness who you know nothing about?

> JUROR 70: Well, if you want an honest answer, yes, sir.

The judge then denied the motion to disqualify Juror 70, remarking that he had promised to keep an open mind when evaluating all witnesses' testimony. The judge observed that he understood Juror 70's use of the word "vetted" to mean that officers are subject to background checks, not that police officers take tests to ensure that they invariably tell the truth. The judge summed up: "I think that he has been honest and has said that he will be fair."

Appellants ask us to discard the district judge's conclusion and make an independent ("de novo") decision about Juror 70's suitability. Our decisions say, to the contrary, that deferential review is appropriate. See, e.g., *Thompson v. Altheimer & Gray*, 248 F.3d 621, 624–25 (7th Cir. 2001). That approach is wise. The district judge can hear the prospective juror's tone of voice, which can help make a reliable assessment of honesty. A transcript lacks that information. The district judge can see the prospective juror's facial expressions and body language. These, too, are valuable when assessing how a person will behave, but they are missing from the appellate

record. A court of appeals could not do better than a district judge in evaluating whether a prospective juror not only promises to keep an open mind but also is likely to keep that promise. Some people may think they will keep such a promise but are fooling themselves. The cues available during a live colloquy may help separate those who will keep the promise from those who can't or won't. The perspective available on a written record is less helpful in making that decision.

Appellants have a separate legal argument: that a prospective juror's assurances must be the last thing he says. They recognize that Juror 70 made an unequivocal promise to evaluate all testimony appropriately, but they observe that this was not his final word. Instead, while answering a question from defense counsel, Juror 70 conceded that he would be inclined to give more weight to a police officer's testimony than to that of a witness he knew "nothing about." That was his final word (no one asked him any more questions) and, appellants insist, falls short of the necessary assurance.

Some language in *Thompson* could be read to imply a last-in-time requirement for evaluating the statements of a prospective juror. The opinion mentions that the "last thing" a prospective juror mentioned was that an issue may cloud her judgment. 248 F.3d at 626. It observed that the judge should have followed up but didn't, and that if the prospective juror had "finally given unequivocal assurances" the judge would have been entitled to credit them. *Ibid*. But these passages do not announce (or even consider) a last-in-time rule; they are instead descriptions of what happened. Other decisions consider everything the prospective juror said, without any suggestion that only the final statement matters. See, e.g., *Griffin v. Bell*, 694 F.3d 817, 823–24 (7th Cir. 2012). *Wesley v. Pfister*,

659 Fed. App'x 360, 363 (7th Cir. 2016), deems the holistic approach so well established that it resolves a contest in a non-precedential order, observing that a prospective juror's "expression of doubt" in response to defense counsel's questioning did not require her exclusion when "[s]he had previously answered unequivocally to the court's questions that she understood that the case of her relative's murder had nothing to do with [defendant]." That's the same sort of sequence that happened in today's proceeding.

It is not appropriate to read descriptive language in *Thompson* as establishing a *per se* final-answer rule. The norm in this circuit has been, and remains, that a district judge may take into account everything a potential juror says when deciding whether that person can be impartial. We do not see any clearly erroneous factual finding or abuse of discretion in the district judge's resolution of these defendants' objections to the seating of Juror 70. This was undoubtedly a closely balanced situation; other judges might have granted the request to remove Juror 70 for cause, given the equivocation in several of his statements. But Juror 70 also recited the correct standard, and the district judge was entitled to find that he possessed enough self-awareness and honesty to carry out his promises.

The only other argument we need consider concerns the propriety of Walker's sentence. The district judge deemed him accountable, under the relevant-conduct Guideline, for all drugs that the conspiracy as a whole distributed during Walker's time as a participant. Guideline 1B1.3(a)(1)(B) provides that, for jointly undertaken criminal activity, each participant is accountable for "all acts and omissions of others that were—(i) within the scope of the jointly undertaken

criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity". The district judge made findings (i) and (ii) but not finding (iii). He did not address what conduct was "reasonably foreseeable" to Walker. That omission requires a remand for resentencing.

The judgments of conviction are affirmed, as are the sentences of Granger and King. Walker's sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.